IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

March 1, 2012

RE:    MICHAEL ANDREWS V. DEBRA SAUERS, ETAL
       CA No. 11-6996

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Caracappa, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:
LINDA V. JERRY, Deputy Clerk

cc:    ANDREWS
       GLEBE

       Courtroom Deputy to Judge Tucker

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANDREWS | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBRA SAUERS, et al., | : | NO. 11-6996 |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Facility at Forest, in Forest County, Pennsylvania. For the reasons which follow, it is recommended that the petition be denied and dismissed.

I. PROCEDURAL HISTORY

On November 21, 2005, following a jury trial presided over by the Honorable Jane Cutler Greenspan, petitioner was convicted of first degree murder, robbery, theft by unlawful taking, theft by receiving stolen property, possession of an instrument of crime, abuse of a corpse, and criminal conspiracy. Specifically, petitioner was convicted of strangling David Paul Scafetta to death. On January 5, 2006, petitioner was sentenced to life imprisonment for first degree murder and concurrent terms of ten to twenty years imprisonment for both robbery and conspiracy, two to five years imprisonment for possession of an instrument of crime, and one to two years imprisonment for abuse of a corpse.

1

Petitioner field a direct appeal to the Superior Court. On March 8, 2007, the Superior Court affirmed petitioner's judgement of sentence. The Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal on August 16, 2007.

On August 14, 2008, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. The PCRA court denied petitioner's PCRA petition on October 16, 2009. On November 8, 2010, the Pennsylvania Superior Court affirmed the PCRA court dismissal of the petition.

While petitioner's request for allocatur was still pending in the Pennsylvania Supreme Court, petitioner filed a petition for Writ of Habeas Corpus on April 26, 2011. On August 18, 2011 this court filed a Report and Recommendation (No. 11-CV-2921), to recommend that petitioner's habeas petition be dismissed, without prejudice, finding that the petition was premature. The District Court adopted and approved this court's report and recommendation and dismissed the habeas petition without prejudice on September 13, 2011.

On September 21, 2011, the Pennsylvania Supreme Court denied petitioner's request for allocatur.

Petitioner filed the instant petition for Writ of Habeas Corpus on October 28, 2011. Petitioner is alleging the following claims:

(1)     Ineffective assistance of trial counsel for advising petitioner to waive his right to a jury trial;

(2)     Ineffective assistance of trial counsel for failing to call several family members to testify at petitioner's trial.

Respondents retort that plaintiff's claims are meritless. We agree, and will discuss the merits of petitioner's claims hereinafter.

2

II.    STANDARD OF REVIEW

Petitioner's claims are reviewed on the merits and subject to the following

standard of review.

Under the current version of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a

significant burden. Section 104 of the AEDPA imparts a presumption of correctness to the state

court's determination of factual issues - a presumption that petitioner can only rebut by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1) (1994).  The statute also grants significant

deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a state
> court shall not be granted with respect to any claim that was
> adjudicated on the merits in state court proceedings unless
> adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the state court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court, in Williams v. Taylor, 529 U.S. 362, 404-05,

120 S. Ct. 1495 (2000), interpreted the standards established by the AEDPA regarding the

deference to be accorded state court legal decisions, and more clearly defined the two-part

analysis set forth in the statute.  Under the first part of the review, the federal habeas court must

determine whether the state court decision was "contrary to" the "clearly established federal law,

3

as determined by the Supreme Court of the United States." As defined by Justice O'Connor, writing for the majority of the Court on this issue, a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]." Id. Justice O'Conner explained, however, that this "contrary to" clause does not encompass the run-of-the-mill state court decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case." Id. at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407-08. The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410.

III.    DISCUSSION OF MERITS

Petitioner's claims have been properly exhausted in the state courts and will now

4

be addressed on the merits. Petitioner's claims assert that petitioner's counsel failed to provide

effective assistance.

When reviewing claims of ineffective assistance of counsel, this court must

view the totality of the evidence before the trial court and determine whether the petitioner has

shown that the decision reached is reasonably likely to have been different, absent the alleged

ineffectiveness of counsel. Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g

denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984). The Sixth Amendment to the United States

Constitution recognizes the right of every criminal defendant to effective assistance of counsel.

U.S. Const., amend. VI. The Supreme Court has set forth a two-prong test - both parts of which

must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged. Id. at 668.

First, the petitioner must demonstrate that his trial counsel's performance fell below an

"objective standard of reasonableness." Id. The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstance of counsel's challenged conduct,
> and to evaluate the conduct from counsel's perspective at the
> time. Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable
> professional assistance; that is, the defendant must overcome
> the presumption that, under the circumstances, the challenged
> action "might be considered sound trial strategy." Id. at 689
> (quoting Michel v. Louisiana, 350 U.S. 91, 76 S. Ct. 158,
> 163-64 (1955)).

A convicted defendant asserting ineffective assistance must therefore identify the

acts or omissions that are alleged not to have been the result of reasoned professional judgment.

Id. at 690. Then the reviewing court must determine whether, in light of all the circumstances,

5

the identified acts or omissions were outside "the wide range of professionally competent assistance." Id. Under Pennsylvania law, counsel is not ineffective for failing to raise baseless or frivolous issues. Commonwealth v. Wilson, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Id. at 694. A reviewing court need not determine whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency. If it is easier to dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed. Id. at 697.

In the case at bar, petitioner's first claim is that trial counsel was ineffective for allowing petitioner to waive a jury trial. Petitioner claims that prior to trial the trial court reviewed a statement given by one of petitioner's co-conspirators to the police which implicated petitioner. Petitioner claims that trial counsel should have informed petitioner that the trial court reviewed that statement and petitioner should not waive a jury trial. The PCRA court reviewed this claim and found that it was meritless. We also find no merit to this claim.

The PCRA court explained that to knowingly and voluntarily waive the right to a jury trial, a criminal defendant must be advised of the "essential ingredients" of a jury trial, including, that a jury would be selected from members of the community, that the verdict must be unanimous, and that the defendant would be allowed to participate in the selection of the jury panel. Commonwealth v. Lott, 581 A.2d 612, 618 (Pa. Super. 1990), appeal denied, 593 A.2d 839 (Pa. 1991). The PCRA court explained that petitioner's colloquy met that standard.

6

Furthermore, the PCRA court explained that a judge sitting as the finder of fact is presumed to disregard inadmissible evidence and consider only competent evidence. Commonwealth v. Fears, 863 A.2d 52, 71 n.19 (Pa. 2003). The PCRA court noted that prior to the testimony of the police officer who took the co-conspirator's statement at issue here, the trial court noted, on the record, that the trial court understood that the statement was only evidence against Mr. Morrison, petitioner's co-conspirator, and not against petitioner. The PCRA court explained that petitioner failed to point to anything in the record to show that the trial court reviewed the statement prior to trial or that the trial court was prejudiced against petitioner because of the statement. The PCRA court dismissed the claim as meritless. It can not be said that the Superior Court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law, as determined by the United State of Supreme Court in Williams, 529 U.S. at 409-411. Trial counsel can not be found ineffective for failing to inform petitioner that the trial court reviewed that statement prior to trial, when petitioner has offered no proof that the trial court reviewed the statement prior to trial. Furthermore, trial counsel can not be found ineffective when petitioner has failed to prove petitioner was prejudiced by the trial court reviewing the statement, when the trial court stated on the record that it would not consider that statement against petitioner. As such, we must dismiss the habeas petition as to this claim.

Petitioner's second claim is that trial counsel was ineffective for failing to call several of petitioner's family members to testify at trial. The PCRA court also reviewed this claim and found it meritless. We also find no merit to this claim.

The PCRA court explained that to show trial counsel was ineffective for failing to present testimony of witnesses, petitioner must show:

7

... the existence of and the availability of the witnesses, counsel's actual
awareness, or duty to know, of the witnesses, the willingness and ability of the
witnesses to cooperate and appear on the defendant's behalf and the necessity
for the proposed testimony in order to avoid prejudice. Moreover, Appellant
must show how the uncalled witnesses' testimony would have been beneficial
under the circumstances of the case.

Commonwealth v. Gibson, 951 A.2d 1110, 1133-1134 (Pa. 2008). The PCRA court explained

that during petitioner's trial colloquy the trial court asked petitioner if there were any witnesses

petitioner told counsel about that counsel was failing to present and petitioner replied "no.". The

PCRA court found that petitioner voluntarily waived the right to call witnesses during colloquy

and cannot later claim that counsel was ineffective for failing to call witnesses. It can not be said

that the Superior Court's rejection of this claim was contrary to, or an unreasonable application

of, clearly established federal law, as determined by the Supreme Court in Williams, 529 U.S. at

409-411. Trial counsel can not be found ineffective for failing to call witnesses when petitioner

testified there were no witnesses that trial counsel was refusing to call. As such, we must dismiss

the petition as to this claim and in its entirety.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 29th day of February, 2012, IT IS RESPECTFULLY

RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

      The petitioner may file objections to this Report and Recommendation. See Local

Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANDREWS | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBRA SAUERS, et al., | : | NO. 11-6996 |
| Respondents. | : | |

## ORDER

PETRESE B. TUCKER, J.

AND NOW, this _____ day of _____, 2012, upon careful and independent

consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and

Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of *Habeas Corpus* is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____

PETRESE B. TUCKER, J.