IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANDREWS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-6996 |
| | : | |
| DEBRA SAUERS, et al. | : | |

## ORDER

AND NOW, this 23rd day of January, 2014, upon careful and independent consideration of Petitioner Michael Andrews's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa and Andrews's objections thereto, it is ORDERED:

1. Andrews's Objections to the Report and Recommendation (Document 11) are OVERRULED[1];

---

[1] In his objections to the Report and Recommendation, Andrews raises no issues that would cause this Court to disturb Judge Caracappa's conclusion that his ineffective assistance of counsel claims fail in light of the deference the Court must give to a state court's legal conclusions pursuant to 28 U.S.C. § 2254(d).

On November 21, 2005, Andrews was convicted of first-degree murder, robbery, theft by unlawful taking, theft by receiving stolen property, possession of an instrument of crime, abuse of a corpse, and criminal conspiracy. The Pennsylvania Superior Court affirmed Andrews's conviction, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 14, 2008. Andrews then filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 et seq. The PCRA court denied the petition on October 16, 2009, and the Pennsylvania Superior Court affirmed the PCRA court's dismissal of the petition on November 8, 2010. On September 21, 2011, the Pennsylvania Supreme Court denied Andrews's request for allocatur. Andrews filed the above-referenced petition for writ of habeas corpus on October 28, 2011, alleging ineffective assistance of counsel.

In his objections to Magistrate Judge Caracappa's Report and Recommendation, Andrews essentially reasserts the same arguments he made in his PCRA and § 2254 petitions. He argues his counsel was ineffective for allowing Andrews to waive a jury trial without informing him the trial court had reviewed a statement by his coconspirator that implicated Andrews, and for failing to call several of Andrews's family members and friends to testify at trial.

As Judge Caracappa explained, under the current version of the Antiterrorism and Effective Death Penalty Act of 1996, the state court's determination of factual issues are presumed correct, and this presumption can be rebutted by a petitioner only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Further, the statute grants significant deference

to the state court's legal conclusions. *See id.* § 2254(d) (stating a habeas petition on behalf of a person in custody pursuant to the judgment of a state court will not be granted unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). Given these standards, Judge Caracappa found no reason to depart from the PCRA court's conclusion that (1) Andrews knowingly and voluntarily waived the right to a jury trial, and (2) Andrews voluntarily waived the right to call witnesses. In his objections, Andrews offers no reason why the state court determinations should not receive such deference, and as a result, his objections to the Magistrate Judge's resolution of the ineffective assistance of counsel claims are denied.

In his objections Andrews also argues, for the first time, that the Commonwealth's evidence was insufficient to support his guilty verdicts and the Court should either grant a new trial or acquit him of all charges. Andrews did not raise these claims in either his PCRA petition or his § 2254 petition.

The Court is not required to consider new arguments raised for the first time in a petitioner's objections to a magistrate judge's report and recommendation. *See Stromberg v. Varano*, No. 09-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012). According to the Local Rules, "unless the interest of justice requires it," a petitioner must present all issues and evidence to the magistrate judge, and "new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." Local Civil Rule 72.1 (IV)(c). Although the "issue of how to properly treat an issue raised anew in a habeas petitioner's objections to a magistrate judge's report is one that has not yet reached [the Court of Appeals for the Third Circuit, the] majority of district courts in our circuit, as well as other circuit courts, that have addressed this issue have concluded that such issues are not properly before the court, and thus are not to be addressed." *Ramos v. Kyler*, No. 03-2051, 2004 WL 828363, at *4 (E.D. Pa. Apr. 12, 2004); *see Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) (deeming appellant's argument that she is entitled to a closed period of disability waived because she raised it for the first time in her objections to the magistrate judge's report and recommendation); *Hammond v. Brooks,* No. 04–5783, 2009 WL 1507564, at *6 n.5 (E.D. Pa. May 29, 2009) ("In addition to timeliness, it is generally accepted that a habeas court can refuse to hear claims that were not raised before the magistrate judge." (citing *Kirk v. Meyer,* 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003))).

Andrews offers no explanation for presenting his new claims concerning sufficiency of the evidence for the first time in his objections. Because these issues could have been brought before Judge Caracappa, the Court need not consider them.

Even if the Court found that, in the "interest of justice," it could consider these new claims not presented to the Magistrate Judge, Andrews still must exhaust all claims he makes in his habeas petition in state court. *See* 28 U.S.C. § 2254 (b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). It is apparent from Andrews's PCRA petition that he has not presented his claims for acquittal or new trial based on sufficiency of the evidence to the state court. As a result, the claims have not been exhausted, and the Court will not consider them.

2. The Report and Recommendation (Document 7) is APPROVED and ADOPTED;

3. Andrews's petition for writ of habeas corpus (Document 1) is DENIED;

4. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

                                      BY THE COURT:

                                      /s/ Juan R. Sánchez
                                      Juan R. Sánchez, J.